UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSHUA DREXLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. |
| TEL NEXX, INC.; TOKYO ELECTRON U.S. | ) 13-13009 |
| HOLDINGS, INC.; TOKYO ELECTRON | ) |
| AMERICA, INC.; BARRY MAYER; THOMAS | ) |
| WALSH; CHRISTINA CHU; REZWAN LATEEF; | ) |
| and five DOE Defendants, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants TEL NEXX, Inc., Tokyo Electron U.S. Holdings, Inc., Tokyo Electron

America, Inc., Barry Mayer, Thomas Walsh, Christina Chu, Rezwan Lateef, and five Doe

Defendants, by and through the undersigned counsel, hereby file this Notice of Removal, which

shall effect removal of this action from Massachusetts Superior Court to the United States

District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

### I.      Timeliness of Removal

On or about October 28, 2013, Plaintiff filed a civil action in the Superior Court of

Massachusetts, Middlesex County, stylized *Joshua Drexler v. TEL NEXX, Inc., et al.*, Civil

Action No. 2013-4700.  On November 4, 2013, Plaintiff purportedly had served on Defendants a

Summons and copy of the Complaint in such action (although Defendants reserve all rights and

defenses based on insufficient process or service of process).  Copies of the Summons and

Complaint are attached hereto as **Exhibits A & B**, respectively.  These are the only pleadings

known by Defendant to have been filed or served in this action.

Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within thirty (30) days after the purported service of process on Defendants.

## II.     Venue

The Massachusetts Superior Court for Middlesex County is located within the District of Massachusetts; therefore, venue is proper in this Court because it is the district "embracing the place where such action is pending." 28 U.S.C. §§ 101, 1441(a).

## III.    Basis for Removal: Federal Question

This action is properly removable because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff has brought claims against Defendants under the Fair Labor Standards Act of 1938 ("FLSA") (codified at 29 U.S.C. § 201, *et seq.*) and related claims under the Massachusetts Wage Act (M.G.L. c. 149, § 148), the Massachusetts Civil Rights Act (M.G.L. c. 12, §§ 11H, 11I), and for common law breach of contract.

There can be no doubt that Plaintiff's claims for payment of overtime wages under the FLSA arise out of federal law and, specifically, arise under 29 U.S.C. § 201, *et seq.*, as Plaintiff cites in his Complaint. Thus, this Court has original subject matter jurisdiction. *See* 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1367, this Court "shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact . . . such that [the plaintiff] would ordinarily

be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Here, Plaintiff's state law claims relate closely to his FLSA claims seeking overtime compensation. The claims all arise out of a common nucleus of operative facts: his employment with Defendants. The breach of contract and Massachusetts Wage Act claims, like his FLSA claims, seek payment of wages and overtime wages for the time he allegedly worked for Defendants. Plaintiff explicitly states on the breach of contract claim that he "does not seek duplicative damages" to the extent they "overlap" with "damages for unpaid overtime under the FLSA." Compl. ¶ 371. Plaintiff's claims under the Massachusetts Civil Rights Act similarly concern his employment with Defendants and the days and hours that he alleges he worked. Plaintiff ordinarily would be expected to try these claims in one judicial proceeding. They are related to the FLSA claims, as indicated by Plaintiff. Further, Plaintiff's state law claims do not raise novel or complex issues of state law or predominate over the claims over which this Court has original jurisdiction, and there are no compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c).

## IV. Conclusion

By this Notice, all Defendants hereby request removal of all claims of this action. To date, Defendants have not filed a responsive pleading in Plaintiff's state court action, and, to Defendants' knowledge, no other filings have been made in that action. Pursuant to 28 U.S.C. § 1446(d), a notice to the state court of this removal, along with a copy of this Notice, will be filed with the Massachusetts Superior Court in Middlesex County. A copy of the notice to the state court is attached hereto as **Exhibit C**. A copy of the notice to the state court and a copy of this Notice will be served upon the Plaintiff as well.

Defendants will file with this Court attested copies of all records, proceedings, and docket entries in the state court within twenty-eight (28) days, pursuant to Local Rule 81.1. By removing this matter, Defendants do not waive, or intend to waive, any defense, including but not limited to insufficiency of process and insufficiency of service of process.

WHEREFORE, Defendants respectfully request to remove the aforesaid action, and any claims included therein, to the United States District Court for the District of Massachusetts.

Respectfully submitted,
TEL NEXX, Inc.; Tokyo Electron U.S. Holdings, Inc.; Tokyo Electron America, Inc.; Barry Mayer; Thomas Walsh; Christina Chu; Rezwan Lateef; and five Doe Defendants,
By their Attorneys,

Danielle Y. Vanderzanden, BBO #563933
Andrew E. Silvia, BBO #681922
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Boston Place, Suite 3220
Boston, MA 02108
Telephone:  617.994.5700
Facsimile:  617.994.5701

Dated:  November 25, 2013

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was filed through the CM/ECF system and served upon pro se plaintiff, Mr. Drexler, by first class mail, this 25th day of November, 2013.

Andrew E. Silvia

16404064.3