UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSHUA DREXLER, <br>     Plaintiff *pro se* <br> v. <br><br> TEL NEXX, INC., TOKYO ELECTRON U. S. HOLDINGS, INC., TOKYO ELECTRON AMERICA, INC., BARRY MAYER, THOMAS WALSH, CRISTINA CHU, REZWAN LATEEF, and five DOE Defendants, <br>     Defendants | ) <br> ) <br> )    C.A. NO. 1: 13-CV-13009 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### PLAINTIFF'S MOTIONS IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT, AND BRIEFS WITH TWO AFFIDAVITS OF TESTIMONIAL FACTS

Plaintiff Joshua Drexler herewith presents his Motions in Opposition to Defendants Motion to AND BRIEFS Dismiss his Complaint in the above-captioned proceeding, and their Memorandum in Support, and respectfully moves the court to deny Defendants' motion.

Plaintiff has taken the unusual step of presenting separate motions in opposition to each of the major subheadings in Defendants' Memorandum in Support because Defendants took the unusual step of electing to try Plaintiff's entire case on its merits at the Fed. R. Civ. P. Rule 12 stage. This effectively put Plaintiff in the position of coming to "trial" with his entire case at this early phase of the proceedings, before Defendants had even submitted their initial pleading. Plaintiff considered simply pointing out that trial on the merits is not usually countenanced at this early phase. But following the U. S. Supreme Court's decisions in *Iqbal* and *Twombly*, and the First Circuit's record of leadership in applying plausibility analysis to initial pleadings, that reaches back at least a decade prior to *Iqbal* and *Twombly*,[1] Defendants may be correct, that a case may be triable upon its merits in what amounts to a 'trial to determine whether or not there

---

[1] *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 15 (1st Cir 2003) cited as authority the Circuit's own *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16-17 (1st Cir.1998).

ought to be a trial.' In any event, Plaintiff felt compelled to respond fully to the serious challenge presented by Defendants' motion. Plaintiff also notes that if at some future time Defendants' Motion to Dismiss should be withdrawn, having been submitted as a mere "feint," Plaintiff will have suffered considerable prejudice to his case by being forced to react to Defendants' tactics by presenting his case prematurely.

Plaintiff moves to oppose all facets of Defendants' Motion to Dismiss on the grounds that the arguments and defenses presented therein are either insufficient or too insubstantial or both to defeat Plaintiff's arguments in favor of his claims, on the merits. Plaintiff also points out that by electing to try Plaintiff's claims to finality if they can persuade the court of their arguments on the merits, Defendants have effectively waived any claim that Plaintiff's pleading is too improbable, implausible or insubstantial for them either to answer or try it, or any of the more usual grounds for dismissal at the Rule 12 stage.

### The Five Doe Defendants.

Defendants state that "Plaintiff names five "Doe Defendants" in his Complaint but fails to set forth any facts with respect to them to establish any of the claims in his Complaint. Plaintiff states only that "'[u]pon information and belief, each of the fictitiously-named Doe Defendants is responsible in some manner for the occurrences herein alleged.'"[2]

Plaintiff has stated considerable factual predicate to each of his claims, more than enough to satisfy plausibility standards for vagueness or insubstantiality. If by this argument Defendants' mean that they would like to challenge the Doe claims on their merits, as they do all other of Plaintiff's claims, or at least obtain a detailed preview of Plaintiff's case as they have obtained it for all other of Plaintiff's claims, Defendants were only afforded the opportunity of merit challenges in the first place as the result of Plaintiff's inclusion of such substantial evidence in his Complaint that Defendants could elect to stand on it for meritorious argument. If there is a "right" to merit challenges at the dismissal stage it is not absolute, it is derived from the opportunity provided by the rare "super-sufficient" complaint. In the case of the Doe Defendants

---

[2] Defendants' Memorandum in Support, *18.

here, Plaintiff has provided only the more usual practice of notice pleading. Since Plaintiff's claims are all plausible as notice, as evidenced by Defendants' election to stand on that evidence for merit determinations, notice for the Doe Defendants must therefore be sufficient.

Plaintiff's collective Motion in Opposition consists of the following supporting Motions:

1. This summary motion of PLAINTIFF'S MOTIONS IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT, WITH TWO AFFIDAVITS OF TESTIMONIAL FACTS.
2. PLAINTIFF'S MEMORANDUM OF DISPUTED FACTS.
3. PLAINTIFF'S ~~MOTION~~ BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS HIS CLAIM FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT, ON ITS MERITS, AND UPON THE AFFIRMATIVE DEFENSE THAT PLAINTIFF WAS A *BONA FIDE* ADMINISTRATIVELY EXEMPT EMPLOYEE.
4. PLAINTIFF'S ~~MOTION~~ BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS HIS CLAIM FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT, ON ITS MERITS, AND UPON THE AFFIRMATIVE DEFENSE THAT PLAINTIFF WAS A *BONA FIDE* PROFESSIONALLY EXEMPT EMPLOYEE.
5. PLAINTIFF'S ~~MOTION~~ BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS ON ITS MERITS HIS CLAIM FOR BREACH OF CONTRACT.
6. PLAINTIFF'S ~~MOTION~~ BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS HIS CLAIM FOR VIOLATION OF THE MASSACHUSETTS CIVIL RIGHTS ACT ON ITS MERITS.
7. PLAINTIFF'S ~~MOTION~~ BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS HIS CLAIM FOR VIOLATION OF THE MASSACHUSETTS WAGE ACT, ON ITS MERITS.
8. AFFIDAVIT OF JOSHUA DREXLER REGARDING THE TRUTH OF STATEMENTS OF FACT IN PLAINTIFF'S MOTIONS OF OPPOSITION.
9. AFFIDAVIT OF JOSHUA DREXLER REGARDING MY PHOTOGRAPHY DUTIES.`

Respectfully submitted,

*[signature]*

JOSHUA D. DREXLER

Signed this 13th day of January, 2014

Dated: January 13, 2014

## CERTIFICATE OF SERVICE

I hereby certify that the above PLAINTIFF'S MOTIONS IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT, WITH TWO AFFIDAVITS OF TESTIMONIAL FACTS was filed with the United States District Court for the District of Massachusetts and true copies were served upon counsel for the defendants, Danielle Y. Vanderzanden and Andrew E. Silvia, of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., at their usual place of business,
One Boston Place, Suite 3220
Boston, MA 02108

by first class mail, this 13th day of January, 2014.

Joshua Drexler