FILED
CLERK'S OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS    2014 MAR -3  A 10: 02

U.S. DISTRICT COURT
  MASS

| | |
|---|---|
| JOSHUA DREXLER,<br>Plaintiff *pro se*<br>v.<br><br>TEL NEXX, INC., TOKYO ELECTRON U. S. HOLDINGS, INC., TOKYO ELECTRON AMERICA, INC., BARRY MAYER, THOMAS WALSH, CRISTINA CHU, REZWAN LATEEF, and five DOE Defendants,<br>Defendants | C.A. NO. 1: 13-CV-13009 - DPW<br><br>MOTION IN THE ALTERNATIVE FOR LEAVE TO FILE A SUR-REPLY |

## PLAINTIFF'S MOTION TO CONVERT THE INSTANT PROCEEDING INTO ONE FOR SUMMARY JUDGMENT UNDER RULE 56, PURSUANT TO RULE 12(d), AND PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY

1. Fed. R. Civ. P. 12(d): <u>Result Of Presenting Matters Outside The Pleadings</u>. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

2. On January 13, 2014, Plaintiff filed motion papers with this court that included two affidavits sworn by him under pains and penalties of perjury:

   - Affidavit of Joshua Drexler Regarding the Truth of Statements of Fact in Plaintiffs Motions and Briefs of Opposition (Doc. No. 21); and,

   - Affidavit of Joshua Drexler Regarding My Photography Duties (Doc. No. 22).

3. These affidavits attested to new factual allegations not presented in Plaintiff's Complaint.

4. On January 22, Defendants objected to the court's receiving Plaintiff's affidavits. Defendants moved to strike Plaintiff's affidavits, by filing Defendants' Motion To Strike Plaintiff's Filings In Opposition To Defendants' Motion To Dismiss, And Defendants' Motion For Leave To File Reply (Doc. No. 23).

5. In their January 22 motion to strike, Defendants asserted that Plaintiff's affidavits "include[d] a substantial number of new facts" (Doc. 23, § 10, *3) that were "improperly raised" (Doc. 23, § 10, *3), and that "[c]onsidering Plaintiff's new facts and claims not set forth in his Complaint would convert Defendants' Motion into one for summary judgment. Fed. R. Civ. P. 12(d)" (Doc. 23, § 19, *4).

6. Because Defendants in their Motion to Strike, Doc. 23, also objected to the cumulative page count of Plaintiff's nine January 23 filings, Plaintiff filed with this court a belated Motion for leave to File an Oversized Motion (Doc. 24), on February 5.

7. Notwithstanding Defendants objections to the court allowing-in Plaintiff's new factual allegations, presented through his affidavits and elsewhere in his briefs, on February 6 the court entered an electronic order (Doc. 26) both <u>denying</u> <u>Defendants Motion to Strike</u> (Doc. 23) and <u>granting</u> <u>Plaintiff's Doc. 24 motion to file excess pages</u>, thereby bringing within the court's consideration the two sworn affidavits and the factual allegations they referenced. Doc. 26 also granted Defendants leave to file a Reply, which they had sought.

8. On February 27 Defendants filed their Reply (Doc. 27). In their Reply, Defendants:
    - Renewed their objection to the court receiving the new factual allegations brought in by

Plaintiff's sworn affidavits.

- Renewed their observation that incorporation into the instant proceeding of "new facts and allegations raised by Plaintiff in his opposition briefs" would necessarily convert the instant proceeding into one for Rule 56 summary judgment.[1]

- At the same time, Defendants Reply expressly views Plaintiff's new factual allegations as probative evidence, nor does their Reply challenge that evidence, although as Defendants readily acknowledge, Plaintiff's new allegations are not present in his Complaint. Defendants have in fact woven Plaintiff's new factual allegations into the fabric of their own opposition arguments. In Defendants' view, Plaintiff's affidavits supply probative support for their brief that Plaintiff has failed to state a claim upon which relief can be granted. Thus Defendants now actively press and incorporate Plaintiff's new factual allegations into the service of their motion to dismiss.

- In their Reply, Defendants also introduced new arguments and authorities on behalf of their motion for dismissal that were not previously presented in Defendants' Motion To Dismiss (Doc. 7, December 2, 2013). These arguments and purported citations to authority are entirely new with their Reply, not being either responsive to, nor derived from, rebuttal arguments offered by Plaintiff in his Opposition to Dismissal.[2]

- Defendants misapplied about half of their leave to "Reply" to rehashing and revisiting the same arguments and authorities Defendants previously made and used in their organic

---

[1] Defs.' Reply (Doc. 27), *3, footnote no. 3.

[2] Plaintiff has never seen these arguments before now, has not had any chance to respond to them, and is thus, at the present time, prejudiced to see Defendants' new dialectic before the court without an opportunity to be heard in rebuttal.

Motion To Dismiss (Doc. 7).

9. By the court's electronic order of February 6, which denied Defendants' motion to strike while simultaneously granting Plaintiff leave to place his affidavits, along with his other moving papers, before the court, the court brought under its consideration "matters outside the pleadings *** presented to and not excluded by the court***." These new matters have subsequently been taken up by Defendants and vigorously applied by them to the instant litigation. Thus predicate has been laid for the court to convert the instant proceeding from one seeking a ruling on a Fed. R. Civ. P. Rule 12(b) motion asserting dismissal as an absolute defense, to one for a Rule 56 motion seeking summary judgment.

10. Plaintiff respectfully requests, by this motion, that the court exercise its abundant discretion under Fed. R. Civ. P. 12(d) to convert the instant proceeding to one for summary judgment.

11. Pursuant to the requirements of Rule 12(d), if the court elects to make such a conversion, "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

12. Defendants are in accord: "If this Court elects to consider the new facts and allegations raised by Plaintiff in his opposition briefs and converts the instant motion to a motion for summary judgment, Defendants again respectfully request a reasonable opportunity to treat this motion as one for summary judgment and submit appropriate material."[3]

13. Plaintiff respectfully suggests that this matter has already received considerable briefing, and that one simultaneous round for submission of new material, followed by one more simultaneous briefing round, should suffice to bring the matter to a state of ripeness.

14. In the event that the court elects to continue the instant proceeding as a motion for an absolute defense under Fed. R. Civ. P. Rule 12, the extensive nature of Defendants' argumentation, relying as it does on complex legal arguments buttressed by reference to precedents on which courts have often split, is antithetical to the straightforward, facially

---

[3] *Id.*

obvious and self-evident standard of review required of a motion for dismissal to succeed. Defendants have argued too much, not that they had much choice, since Plaintiff's causes of action are in all respects competent to state claims for which relief can and should be granted.

15. Plaintiff notes that although one of the sections in Defendants' Reply is headed "Motion to Dismiss Standard of Review, Facts, and Claims," the Reply does not, in fact, address Plaintiff's research and arguments regarding the apposite standard of review for allegedly "self-defeating" complaints. That standard, stripped of the euphemisms commonly applied to it, appears to be one of "self-evident truth." Intricate, complex defenses founded on arguments based on unsettled precedent cannot be said to achieve that high standard.

16. Defendants dismissal attack on Plaintiff's case and causes of action has been thorough and comprehensive, reaching to every claim and corner of Plaintiff's case. In the event that any part of Plaintiff's case survives their early motion to dismiss, the exact same points and authorities recited by Defendants in their motion to dismiss will inevitably be relitigated as the surviving portions of the case move forward toward trial or summary judgment. Defendants have repeatedly and expressly sought to reserve their right to recycle their dismissal defenses by reasserting those same defenses, in the same form now presented in their motion to dismiss, against any of Plaintiff's claims that survive the motion to dismiss.

17. Defendants have by now (including their recent Reply, Doc. 27) asserted a total of three separate affirmative defenses against Plaintiff's FLSA claims. These defenses form the central backbone of their defense against these claims, and if Plaintiff's FLSA claim survives the motion to dismiss, as it should because it is competent, then Defendants will in all probability seek to reassert these same three affirmative defenses again, with the same citations to authority and the same underlying arguments, as they assert now in moving to dismiss.

18. Defendants have expressly challenged Plaintiff's allegation in his Complaint that the spreadsheet CompForJosh.xls constituted Plaintiff's express contract of employment. That is, of course, sufficient grounds on its face for denying dismissal of Plaintiff's contract claim,

being a genuine dispute over a highly material fact. By their Reply, (Doc. 27) Defendants have now added the extraordinary claim that a document bearing on its face the legend "this letter does not constitute a contract of employment *** "[4] is the "***full, integrated, and complete agreement between the parties***."[5] Defendants recognize that this odd rebuttal is instrumental to their defense. If Plaintiff's contract claim survives the motion to dismiss, it is ineluctable that Defendants will need to raise and relitigate this same exact defense a second time.

19. In the matter of Plaintiff's MCRA claim, Defendants misapply the leave granted them to *Reply,* by rehearsing and replaying the same arguments and authorities they previously advanced against this claim in their motion to dismiss. Therefore Plaintiff anticipates seeing these same defenses asserted, in this same form, once again if his MCRA claim survives the present motion to dismiss.

20. In the matters of Plaintiff's Wage Act claim and the Doe Defendants, the Defendants again misapply the leave granted them to file a *Reply* by replaying the same arguments they already advanced in their motion to dismiss. Therefore Plaintiff anticipates seeing these same defenses asserted, in this same form, once again if his Wage Act claim or his allegation of Doe Defendants survives the present motion to dismiss.

21. Thus unless the instant proceeding, presently styled as a motion to dismiss, is converted to one for summary judgment, Plaintiff reasonably anticipates that the entire legal controversy over the motion to dismiss will be relitigated in nearly identical form, with respect to whichever part(s) of his case that survive move forward, toward eventual trial or some future summary judgment proceeding.

22. In the event that the court elects to continue the present proceeding as a motion for an absolute defense under Rule 12, Plaintiff respectfully requests leave to file a sur-reply, that Plaintiff not be prejudiced by Defendants being heard to make new arguments and to present

---

[4] Defs.' Motion to Dismiss, Doc. 7, *11.
[5] Defs.' Reply, Doc. 27, *16

new authorities in their Reply that are inapposite, immaterial, irrelevant, inaccurate, absurd and self-defeating, without Plaintiff having had an opportunity to be heard to the contrary.

Respectfully submitted,

JOSHUA D. DREXLER

Signed this 3rd day of March, 2014

## CERTIFICATE OF SERVICE

I hereby certify that the above Plaintiff's MOTION TO CONVERT THE INSTANT PROCEEDING INTO ONE FOR SUMMARY JUDGMENT UNDER RULE 56, PURSUANT TO RULE 12(d), AND PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY was filed with the United States District Court for the District of Massachusetts and true copies were served upon counsel for the defendants, Danielle Y. Vanderzanden, Andrew E. Silvia, and Todd M. Torres, of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., at their usual place of business,
One Boston Place, Suite 3220
Boston, MA 02108
by first class mail, this 3rd day of March, 2014.

Joshua Drexler

## CERTIFICATION UNDER L.R. 7.1(A)(2)

The undersigned hereby certifies that he conferred with counsel for defendants Andrew Silvia and Todd M. Torres by teleconference on February 21, 2014 in an effort to resolve or narrow the issues raised by this motion. The parties were unable to reach agreement.

Joshua Drexler