UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSHUA DREXLER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| TELL NEXX, INC., TOKYO ELECTRON | * | Civil Action No. 13-cv-13009-ADB |
| U.S. HOLDINGS, INC., TOYKO | * | |
| ELECTRON AMERICA, INC., BARRY | * | |
| MAYER, THOMAS WALSH, CHRISTINA | * | |
| CHU, and REZWAN LATEEF, | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER ON JOINT MOTION FOR APPROVAL OF
SETTLEMENT AGREEMENT AND JOINT STIPULATION OF DISMISSAL WITH
PREJUDICE**

BURROUGHS, D.J.

Currently pending before the Court is the parties' Joint Motion for Approval of

Settlement Agreement and Joint Stipulation of Dismissal With Prejudice ("Joint Motion"). [ECF

No. 212]. For the following reasons, the Joint Motion [ECF No. 212] is GRANTED.

**I.    BACKGROUND**

On October 28, 2013, Plaintiff Joshua Drexler ("Plaintiff") filed this action against

Defendants TEL NEXX, Inc., Tokyo Electron U.S. Holdings, Inc., Tokyo Electron America,

Inc., Barry Mayer, Thomas Walsh, Cristina Chu, and Rezwan Lateef[1] ("Defendants") asserting

claims under the FLSA and state law. [ECF Nos. 1-2, 1-3]. On November 25, 2013, Defendants

removed this action to federal court. [ECF No. 1]. On August 28, 2015, Judge Woodlock

granted in part and denied in part Defendants' motion to dismiss and dismissed Plaintiff's state

---

[1] The complaint also named five Doe defendants, who were later dismissed from the action. See
[ECF Nos. 1-2, 1-3, 56].

law claims.  [ECF No. 56].  The case proceeded through discovery, and the parties filed cross-motions for summary judgment.  [ECF Nos. 83, 92, 94, 99, 104, 110].  On July 20, 2017, Chief Judge Saris allowed Defendants' motion for summary judgment on the remaining FLSA claims. [ECF No. 172].  Plaintiff appealed, and the First Circuit vacated and remanded the summary judgment order "for further proceedings to further develop the facts necessary to determine whether the administrative exemption applies . . . ."  [ECF Nos. 178, 184].

Following remand from the First Circuit, the parties reached a proposed settlement ("Settlement").  [ECF No. 212-1].  On August 12, 2019, the Court permitted the parties to file their proposed Settlement under seal.  [ECF No. 211].  On August 16, 2019, the parties filed the instant Joint Motion.  [ECF No. 212].  The essential terms of the Settlement are that Defendants will pay Plaintiff an agreed-upon sum in exchange for his release of the FLSA claim asserted in this action and any and all other claims arising from his employment by Defendants.  See [ECF No. 212-1 at 3–6].  The parties also have agreed to keep the Settlement confidential.  [Id. at 6–7]. The Settlement does not contemplate the payment of attorney's fees.

## II.   DISCUSSION

Parties seeking to privately settle FLSA claims require the approval of either the Department of Labor or the district court.  See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015) ("[S]tipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect."); Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Emp't Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1353 (11th Cir. 1982) (permitting district court to enter a stipulated judgment after "scrutinizing the settlement for fairness").  The Court may approve a proposed settlement upon a finding that all parties to the action have agreed to it and that it represents a "fair and

reasonable resolution of a bona fide dispute over FLSA provisions." <u>Lynn's Food Stores</u>, 679

F.2d at 1355; <u>Binienda v. Atwells Realty Corp.</u>, No. 15-cv-00253-WES, 2018 WL 6266784, at

*1 (D.R.I. Nov. 30, 2018) ("The Court may approve a joint motion to approve the settlement of

FLSA claims upon a finding that all parties to the action have agreed to it, and that it represents a

'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" (quoting <u>Lynn's</u>

<u>Food Stores</u>, 679 F.2d at 1355)).

### A.      Bona Fide FLSA Dispute

The pleadings and record before the Court demonstrate that a bona fide dispute exists

concerning Defendants' classification of Plaintiff as exempt from overtime wages pursuant to the

administrative exemption.  <u>See, e.g.</u>, [ECF No. 184 at 3–6 (summarizing legal and factual dispute

concerning whether Plaintiff was exempt from overtime wages)].  Defendants employed Plaintiff

as a technical writer, first as an independent contractor and later as a full-time salaried employee.

[ECF No. 172 at 3–4].  Plaintiff represents that he spent as much as eighty percent of his time on

developing or revising technical manuals and argues that he was not properly classified as an

administrative employee as a result.  [<u>Id.</u> at 6; ECF No. 184 at 3–4].   Plaintiff estimates that he

worked in excess of 3,800 hours of unpaid overtime between October 2010 and April 2013.

[ECF No. 1-3 ¶ 317].  Defendants deny that Plaintiff was misclassified as an exempt employee.

<u>See</u> [ECF No. 61 ¶¶ 292–318; ECF No. 104 at 1].  Thus, a bona fide dispute exists.

### B.      Fair and Reasonable Settlement

To determine whether a proposed settlement is fair and reasonable courts consider the

"totality of the circumstances," which may include such factors as

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement
> will enable the parties to avoid anticipated burdens and expenses in establishing
> their respective claims and defenses; (3) the seriousness of the litigation risks faced
> by the parties; (4) whether the settlement agreement is the product of arm's-length

bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Singleton v. AT&T Mobility Servs., LLC, 146 F. Supp. 3d 258, 260–61 (D. Mass. 2015)

(quoting Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012)).

These factors collectively favor approving the Settlement here.  The Settlement falls within Plaintiff's range of possible recovery, as presented in the pleadings and as discussed with the Court at the May 9, 2019 status conference.  See [ECF Nos. 1, 198].  Because this action was not brought as a collective action, the Court has no concerns about whether absent class members are receiving adequate value for their claims.  The Settlement also will enable the parties to avoid the considerable expense of trial, which was imminent and had been scheduled to begin in July 2019.  See [ECF No. 199].  Furthermore, the Settlement is the product of extensive arm's-length bargaining between experienced counsel following discovery and litigation through summary judgment.  See [ECF No. 212 ¶ 5].  Plaintiff, who had ably represented himself through six years of litigation, worked with counsel during mediation and in preparing this Settlement.  See [ECF Nos. 205, 212-1].  Finally, the Court has found no reason to suspect fraud or collusion.

## III.     CONCLUSION

Accordingly, upon review of the pleadings and the parties' Joint Motion, the Court finds that the proposed Settlement represents a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  Lynn's Food Stores, 679 F.2d at 1355.  The Joint Motion [ECF No. 212] is GRANTED, the Settlement [ECF No. 212-1] is APPROVED, and the above-captioned action shall be DISMISSED with prejudice.

**SO ORDERED.**

August 21, 2019                                          /s/ Allison D. Burroughs
                                                        ALLISON D. BURROUGHS
                                                        U.S. DISTRICT JUDGE